UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDGAR GONZALEZ, ) | Case No. 1:13CV14 |
| ) | |
| Petitioner, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| TERRY A. TIBBALS, ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| Respondent. ) | |

On January 3, 2013, Petitioner Edgar Gonzalez ("Petitioner"), represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his jury trial and sentencing hearing in the Cuyahoga County, Ohio Court of Common Pleas, where he was convicted of five counts of aggravated robbery in violation of Ohio Revised Code ("ORC") §2911.01, felonies of the first degree, and two counts of felonious assault in violation of ORC §2903.11, felonies of the second degree. ECF Dkt. #4-7. On March 19, 2013, Respondent Terry A. Tibbals, Warden of Mansfield Correctional Institution, where Petitioner is incarcerated, filed an answer/return of writ. ECF Dkt. #4. No traverse was filed.

However, on July 22, 2013, Petitioner filed a *pro se* motion for stay in abeyance to prevent this Court from considering a mixed petition. ECF Dkt. #5. On July 29, 2013, Respondent filed his response in opposition to the motion for stay. Respondent correctly argues that the petition before the Court does not contain any unexhausted[1] claims. ECF Dkt. #6. As a consequence, the undersigned RECOMMENDS that the motion for stay and abeyance be DENIED. ECF Dkt. #5.

---

[1] On July 30, 2013, during the pendency of this action, the Eighth District denied Petitioner's application for reopening pursuant to Ohio App. R. 26(B). See *State v. Gonzalez*, 2013 WL3967921 (July 20, 2013). According to the electronic docket for the Cuyahoga Court of Common Pleas, Petitioner has not appealed the denial of his Rule 26(A) application. However, the petition before the Court does not contain a ineffective assistance of counsel claim.

Furthermore, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I. SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the relevant facts on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> {¶ 3} On December 17, 2007, Gonzalez and his co-defendant David Oajaca ("Oajaca") were indicted for five counts of aggravated robbery and two counts of felonious assault. Oajaca pled guilty to one count each of aggravated robbery and felonious assault and agreed to testify against Gonzalez. Gonzalez entered a not guilty plea and the matter proceeded to trial.
>
> {¶ 4} At trial, the evidence showed that on November 14, 2007, Gonzalez and his cousin, Oajaca, were at Gonzalez's house located at 18808 Ferncliff Avenue in Cleveland, Ohio. They owed money to the drug dealer who provided them with the crack cocaine and decided to rob Neighbor's Choice located on Rocky River Drive to obtain the money.
>
> {¶ 5} Around 2:50 p.m., Gonzalez and Oajaca proceeded to the grocery store in Gonzalez's van. Gonzalez entered the store first to stake it out. He purchased a candy bar and left. Oajaca then went into the store wearing a skeleton sweatshirt zipped up to cover his face. While brandishing a large butcher knife, he proceeded to rob the store. The robbery was filmed on the store's surveillance video camera.
>
> {¶ 6} Sun Han was working the register when Oajaca entered the store. Sun's 83-year old disabled mother-in-law, Mae Han, was sitting near the front of the store. When Oajaca entered the store, he placed the knife to Mae's throat and demanded money from her and Sun. Sun ran screaming to the back of the store where her husband, Hae Kuk Han, was working. Angry because he did not get any money, Oajaca stabbed Mae in the back as he left the store. Fortunately, his knife did not pierce her thick coat.
>
> {¶ 7} While Oajaca proceeded to the van, Hae exited the rear of the store and confronted Oajaca. Oajaca attempted to stab Hae who had taken off his belt to defend himself. Hae heard the driver of the van yell to Oajaca, "get in." Hae hit the driver's side window of the van with his belt, breaking it, in an attempt to prevent the van from fleeing. Hae then called 911 and gave police the van's license plate number.
>
> {¶ 8} The police ran the license plate and discovered the owner was listed as Casa Builders Remodelers with Edgar Gonzalez as the additional owner. The address listed was Gonzalez's address on Ferncliff Avenue. When police arrived at the address, they observed the van pull into the driveway and then pull out again. The police followed the van as it left Gonzalez's house and then stopped it. The officer testified that Gonzalez was driving the van. He asked Gonzalez whether he had a

> problem at the store because his driver's side window was broken. Gonzalez denied being at the store and told the officer that he was on his way to work.
>
> {¶ 9} Police took both Gonzalez and Oajaca back to the store where the Hans identified them as the robbers. A search of Gonzalez's house revealed the skeleton sweatshirt that was worn by Oajaca and several knives. Police were unable to determine which knife was used in the robbery.

*State v. Gonzalez*, 2011 WL 4839071.

## II.     PROCEDURAL HISTORY

### A.     State Trial Court

In the September 2007 term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner for three counts of aggravated robbery in violation of ORC § 2911.01(A)(1), two counts of aggravated robbery in violation of ORC § 2911.01(A)(3), and two counts of felonious assault in violation of ORC § 2903.11(A)(2). ECF Dkt. #4-3. Petitioner's trial began on February 4, 2008. On the third and final day of trial, Petitioner did not appear. ECF Dkt. #4-2. A warrant was issued and the trial proceeded despite Petitioner's absence. Petitioner was convicted on all counts in the indictment. ECF Dkt. #4-7. Two years later, Petitioner was apprehended in Texas and extradited to Ohio for sentencing. In the interim between the between Petitioner's conviction in 2008 and his apprehension in 2010, the trial judge was indicted on corruption charges and resigned.

On November 4, 2010, a visiting judge sitting on assignment sentenced Petitioner to six years of imprisonment for Count Two and six years of imprisonment for Count Three, to be served consecutively, and five years of imprisonment each for Counts Six and Seven, to be served concurrently, but consecutively with the sentences for Counts Two and Three, for an aggregate term of incarceration of seventeen years. Counts One, Four, and Five were merged at the sentencing hearing. ECF Dkt. #4-8.

### B.     Direct Appeal

On December 2, 2010, Petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals for the Eighth District. ECF Dkt. #4-10. On February 18, 2011, the Eighth District Court of Appeals dismissed the appeal due to Petitioner's failure to file a merit brief. ECF Dkt. #4-11. On March 29, 2011, Petitioner file a motion for relief from judgment seeking leave to file a merit

brief *instanter*. ECF Dkt .#4-12. Petitioner raised the following assignments of error in his appellate brief:

> 1. THE PROSECUTOR COMMITTED MISCONDUCT WHEN HE EQUATED DEFENDANT'S ABSENCE FROM THE LAST DAY OF TRIAL WITH A BELIEF THAT HE KNEW HE WAS GUILTY.
>
> 2. GONZALEZ' CONVICTIONS SHOULD BE REVERSED DUE TO INSUFFICIENCY OF THE EVIDENCE AND A FAILURE OF THE STATE TO CARRY THE MANIFEST WEIGHT OF THE EVIDENCE BURDEN.
>
> 3. GONZALEZ WAS SENTENCED BY A JUDGE WHO DID NOT PRESIDE OVER HIS CASE THE SENTENCING JUDGE WAS NOT SUFFICIENTLY FAMILIAR WITH THE EVIDENCE TO METE OUT A SENTENCE AND A NEW TRIAL SHOULD BE GRANTED.
>
> 4. THE COURT'S REFUSAL TO CONSIDER THE DEFENDANT'S REMARKS AT SENTENCING VIOLATES HIS RIGHTS TO A FAIR AND JUST SENTENCING UNDER CRIMINAL RULE 32 AND R.C. 2929.19

ECF Dkt. #4-14.

On October 13, 2011, the Court of Appeals issued a decision and journal entry overruling each assignment of error and affirming the judgment of the trial court. ECF Dkt. #4-1.

### C. Petition for post-conviction relief

While Petitioner's direct appeal was pending before the Eighth District, he filed a *pro se* motion to vacate and set aside his sentence in the trial court, arguing that the sentence was void because he was convicted of allied offenses and the various sentences should have been merged. ECF Dkt. #4-21. The trial court treated the motion as a petition for post-conviction relief filed pursuant to O.R.C. § 2953.21(A)(2). The post-conviction petitioner was denied on August 3, 2011 as untimely filed. ECF Dkt. #4-22. No appeal was taken from the judgment.

### D. Supreme Court of Ohio

On November 28, 2011, Petitioner, through his current counsel, filed a timely notice of appeal to the Ohio Supreme Court where he presented the following propositions of law:

> 1. THE COURTS BELOW ERRED IN FINDING THE SENTENCING JUDGE PROPERLY CONSIDERED DEFENDANT'S ALLOCUTION AND THEREFORE DID NOT VIOLATE HIS RIGHT TO A FAIR TRIAL AND JUST SENTENCING HEARING.
>
> 2. THE COURTS BELOW ERRED IN FINDING THE SENTENCING JUDGE WAS SUFFICIENTLY FAMILIAR WITH THE EVIDENCE TO METE OUT A PROPER SENTENCE.

> 3. THE PROSECUTOR COMMITTED PREJUDICIAL MISCONDUCT WHEN HE EQUATED THE DEFENDANT'S ABSENCE WITH AN ADMISSION OF GUILT.

ECF Dkt. #4-19. On February 1, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #4-20.

## II. 28 U.S.C. § 2254 PETITION

On January 3, 2013, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raises the following ground for relief:

> THE DENIAL OF THE MOTION IN SUPPORT OF JURISDICTION RESULTS IN A VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AND FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS.
>
> (A) THE FAILURE TO CONSIDER THE DEFENDANT'S ALLOCUTION WAS A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.
>
> (B) ALLOWING THE ASSIGNED JUDGE TO PASS SENTENCE WAS A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.
>
> (C) COMMENTS MADE BY THE PROSECUTOR IN HIS CLOSING ARGUMENTS RESULTED IN A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.

ECF Dkt. #1.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. §2244(d)(1).  The AEDPA statute of limitations is not at issue in this case.

### B.     Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 3, 2013, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>   (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

>   A. Decisions of lower federal courts may not be considered.
>
>   B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
>   C. The state court decision may be overturned only if:
>
>   1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
>
>   2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

        3.     'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

        4.     the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

    D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

    E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672,

676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has observed:

Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

## V. ANALYSIS

### A. Ground One

> THE DENIAL OF THE MOTION IN SUPPORT OF JURISDICTION RESULTS IN A VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AND FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS.
>
> (A) THE FAILURE TO CONSIDER THE DEFENDANT'S ALLOCUTION WAS A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.

Although Petitioner asserts a single ground for relief, the undersigned recommends that the Court treat each subpart as a separate ground for relief. In subpart (A), Petitioner contends that the trial court's failure to consider Petitioner's allocution violated his constitutional right to due process.

The Eighth District Court of Appeals provided the following analysis of Petitioner's claim predicated upon his right to allocution in his direct appeal:

> {¶ 29} In his fourth assigned error, Gonzalez contends his right to a fair and just sentencing pursuant to Crim.R. 32 and R.C. 2929.19 was violated because the trial court refused to listen to him at sentencing.
>
> {¶ 30} The trial court allowed Gonzalez to address the court prior to sentencing him. Gonzalez told the court he was a hard working person who operated a successful business. He also stated that his cousin, Oajaca, was a convicted robber and drug addict who he took in when no one else in the family would. In response, the trial court told Gonzalez his explanations were "falling on deaf ears." In so stating, the court did not mean he was not listening to him, but that he was not persuaded by Gonzalez's excuses. The court commented on Gonzalez's awareness of what his cousin planned to do at the store and that Gonzalez had also recently pled guilty to possession of drugs. Thus, the trial court clearly listened to what Gonzalez had to say, it just did not find him persuasive. Accordingly, Gonzalez's fourth assigned error is overruled.

Before addressing the merits of Petitioner's claim in Ground One, the Court must first determine if the claim is procedurally barred. To satisfy the exhaustion requirement, a claim must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans,* supra, at 681; see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006)(citing *McMeans*). A claim must also be presented to the state courts as a federal constitutional issue. See *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.1984). The burden is on the prisoner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

Procedural default occurs when the petitioner fails to fairly present his federal constitutional claim to the state courts in the manner required by state law. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ernie v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The failure to present a claim constitutes a waiver of the argument, unless the petitioner can present cause for the default and actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

"Fairly presenting" a claim requires more than just mentioning it in passing. Rather, a petitioner must present both the factual and legal basis for his claims to the state court. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir.2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir.2003)(even if there were "variations in the legal theory or factual allegations urged in [the claim's] support," the petitioner must have presented state courts with a claim similar enough "that the ultimate question would have been the same." *Jells v. Mitchell*, 538 F.3d 478, 504 (6th Cir.2008). Neither a "somewhat similar state-law claim," *Anderson v. Harless*, 459 U.S. 4, 6, (1982), nor a general allegation of a fair trial or due-process violation is enough. *McMeans*, supra, at 681.

In his direct appeal, Petitioner articulated his claim based upon the alleged denial of his right to allocution as a violation of state law. Consequently, Petitioner did not "fairly present" his constitutional challenge in Ground One to the state court. Furthermore, Petitioner has failed to demonstrate cause for his failure to raise the constitutional claim on direct appeal. Accordingly, the

undersigned recommends that the Court find that Petitioner has procedurally defaulted his constitutional claim in Ground One.

Even assuming arguendo that Petitioner's claim in Ground One is not procedurally barred, the claim has no merit. First, the United States Supreme Court has recognized that there is no federal constitutional right to allocution at sentencing. *Hill v. United States*, 368 U.S. 424, 428 (1962). Second, Petitioner was permitted to speak on his own behalf at sentencing. The Eighth District correctly concluded that Petitioner had not been deprived of the opportunity to speak on his own behalf at the sentencing hearing. Moreover, the trial judge's use of the expression "falling on deaf ears" indicated that he did not believe Petitioner's statement, not that he did not consider the statement prior to imposing his sentence. In fact, the sentencing judge addressed many of the points raised by Petitioner during his allocution prior to the imposition of sentence. For instance, Petitioner asserted that he had no idea that Oajaca intended to rob the convenience store. The sentencing judge responded that Petitioner's assertion defied reason because the evidence at the trial established that Oajaca entered the convenience store with the skeleton sweatshirt zipped up to cover his face and that he was brandishing a large butcher knife. Accordingly, the state court's adjudication of the trial court's use of the expression "falling on deaf ears" did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For the foregoing reasons, the undersigned recommends that the Court find that the claim in Ground One is procedurally barred, or, in the alternative, has no merit.

### B. Ground Two

THE DENIAL OF THE MOTION IN SUPPORT OF JURISDICTION RESULTS IN A VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AND FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS.

(B) ALLOWING THE ASSIGNED JUDGE TO PASS SENTENCE WAS A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.

In Ground Two, Petitioner contends that the visiting judge should not have been permitted to sentence him because of his lack of familiarity with the case. The Eighth District provided the following analysis of Petitioner's claim predicated upon the sentencing judge on direct appeal:

> {¶ 25} In his third assigned error, Gonzalez argues that the sentencing judge was not adequately familiar with the evidence to impose a sentence.
>
> {¶ 26} Gonzalez did not appear for his last day of trial and was not apprehended until over two years later. Therefore, sentencing did not take place immediately after his conviction. If Gonzalez had appeared as he was required, he would have been sentenced by the same judge who conducted his trial. Therefore, he contributed to creating the problem of having a different judge for sentencing.
>
> {¶ 27} Additionally, Gonzalez did not object to the visiting judge presiding over his sentence. When the record indicates the original judge is unavailable, any party objecting to the reassignment must raise that objection at the first opportunity; otherwise, any claim of error is waived. *State v. Pecina* (1992), 76 Ohio App.3d 775,778, 603 N.E.2d 363; *State v. McGonnell,* Cuyahoga App. No. 85058, 2005-Ohio-3157.
>
> {¶ 28} Moreover, there is no indication the trial court was not sufficiently apprised of the facts underlying the conviction. Pursuant to Crim.R. 25, when the presiding judge is unavailable for sentencing, a designated judge may be assigned to perform the duties of the court. If the assigned judge "is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial." Crim.R. 25. Here, the trial court watched the video of the robbery, read the presentence investigative report, and listened to the arguments of the prosecutor, defense counsel, and Gonzalez prior to imposing sentence. Thus, the record shows that the assigned judge took steps to assure he had sufficient information prior to sentencing Gonzalez. Accordingly, Gonzalez's third assigned error is overruled.

First, Petitioner has procedurally defaulted his claim in Ground Two. The Eighth District acknowledged that Petitioner failed to raise a contemporaneous objection to the sentencing judge at the hearing. Ohio employs a contemporaneous-objection rule, under which "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *Shafer v. Wilson*, No. 07-3284, 364 Fed. Appx. 940, 2010 U.S. App. LEXIS 2452, 2010 WL 395914 at *5 (6th Cir. Feb. 4, 2010) unreported, quoting *State v.1981Dodge Ram Van*, 36 Ohio St. 3d 168, 522 N.E.2d 524, 526 (Ohio 1988). Further, the state court in this case enforced the procedural bar, finding that no such motion had been made. The court then conducted a limited review, similar to a plain-error review. The Sixth Circuit has held that a state appellate court's review under plain error analysis is not equivalent to a review on the merits. *Lundgren v.*

-15-

*Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice." *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Consequently, "a state court's plain error analysis does not save a petitioner from procedural default." *Id.* citing *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir.2000). Petitioner has not articulated any cause for his failure to object to the new judge at the sentencing hearing. Therefore, Petitioner is procedurally barred from asserting his claim in Ground Two.

Even assuming arguendo that the claim in Ground Two is not procedurally barred, the claim does not have merit. There is no indication that the sentencing judge was not familiar with the facts of the case and the evidence presented at trial. As the Eighth District observed, the sentencing judge considered the video of the robbery and the presentence report. Therefore, the state court's adjudication of Petitioner's challenge to the sentencing judge did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For these reasons, the undersigned recommends that the Court find that the claim in Ground Two is procedurally barred, or, in the alternative, has no merit.

**C.  Ground Three**

THE DENIAL OF THE MOTION IN SUPPORT OF JURISDICTION RESULTS IN A VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AND FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS.

(C) COMMENTS MADE BY THE PROSECUTOR IN HIS CLOSING ARGUMENTS RESULTED IN A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.

In Ground Three, Petitioner asserts that the prosecutor's statement during his closing argument that Petitioner did not appear for the final day of trial because he knew he was guilty constitutes prosecutorial misconduct. "In the evaluation of a claim for prosecutorial misconduct, it is not enough that the prosecutor's comments were improper, but the relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction

-16-

a denial of due process," see *Smith v. Mitchell*, 567 F.3d 246, 255 (6th Cir.2009) (internal quotation marks and editorial marks omitted); see also *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Wogenstahl v. Mitchell*, 668 F.3d 307, 327–328 (6th Cir.2012); *Bates v. Bell*, 402 F.3d 635, 640–41 (6th Cir.2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir.1999), or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir.1979); accord *Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir.1979), aff'd sub nom, *Watkins v. Sowders*, 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir.1983).

Courts apply a "two-part test to determine whether the state court reasonably applied the federal standard in holding that prosecutorial misconduct did not render [the] trial fundamentally unfair." *Irick v. Bell*, 565 F.3d 315, 324 (6th Cir.2009). The Court must first determine whether the prosecution's conduct was improper. *Id.* Second, the Court must determine whether that improper conduct was flagrant by considering four factors: (1) whether the evidence against the defendant was strong; (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the defendant; (3) whether the conduct or remarks were isolated or extensive; and (4) whether the remarks were made deliberately or accidentally. *Id.*

The Eighth District provided the following analysis of Petitioner's assignment of error predicated upon the prosecutor's comments regarding Petitioner's absence during his closing argument on direct appeal:

> {¶ 11} In his first assigned error, Gonzalez argues the prosecutor engaged in misconduct during closing argument by telling the jury that Gonzalez's absence at trial showed Gonzalez knew he was guilty.
>
> {¶ 12} A prosecuting attorney's conduct during trial does not constitute grounds for error unless the conduct deprives the defendant of a fair trial. *State v. Keenan* (1993), 66 Ohio St.3d 402, 405, 613 N.E.2d 203; *State v. Gest* (1995), 108 Ohio App.3d 248, 257, 670 N.E.2d 536. The touchstone of a due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *Smith v. Phillips* (1982), 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78. The effect of the prosecutor's misconduct must be considered in light of the whole trial. *State v. Durr* (1991), 58 Ohio St.3d 86, 94, 568 N.E.2d 674; *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 473 N.E.2d 768. A prosecutor is afforded wide latitude during closing argument; it is within the trial court's sound discretion to determine whether a comment has gone too far. *State v. Benge* (1996), 75 Ohio St.3d 136, 661

-17-

> N.E.2d 1019. Gonzalez contends the prosecutor engaged in misconduct by stating as follows:
>
> "Now, the defense mentioned the elephant in the room. It's plainly obvious there is one. He speculates on reasons why Mr. Gonzalez might not be here. Let me just offer one. He saw his cousin testify against him yesterday, and knew it was true." Tr. 481.
>
> {¶ 13} The trial court overruled defense counsel's objection to the above statement. We conclude no reversible error occurred because the prosecution's statement was in response to defense counsel's conjecture on why Gonzalez was not present. Defense counsel suggested that "sometimes there are reasons, good reasons. Sometime they're not good reasons. Sometimes they're medical reasons. Sometimes people leave, get frightened." Tr. 464.
>
> {¶ 14} In *State v. Essa*, Cuyahoga App. No. 94826, 2011-Ohio-2513, we recently addressed a situation where in response to defense counsel's speculation, the prosecutor speculated on reasons why the defendant fled the country. We concluded the prosecutor did not engage in misconduct and held " '[i]t is well settled that a party cannot complain of an opponent's argument to the jury where it amounts to only a reply in kind to matters argued by the complaining party." *Id*., citing *State v. Hopkins*, 10th Dist. No. 05AP-338, 2006-Ohio-232, ¶ 31.
>
> {¶ 15} Likewise, in the instant case, the prosecutor was merely responding to defense counsel's speculation on why Gonzalez was not present. In fact, the prosecutor did not mention Gonzalez's absence until the rebuttal closing argument after defense counsel mentioned Gonzalez's absence during closing argument. Accordingly, Gonzalez's first assigned error is overruled.

Applying the factors in *Bell*, the undersigned recommends that the Court find that the prosecutor's conduct was not flagrant, and the isolated comment did not render the trial fundamentally unfair. First and foremost, the evidence against Petitioner was strong. With respect to the intentional nature and prejudicial effect of the statement, the state court reasoned that the prosecutor's statement regarding Petitioner's absence at trial was merely a response to defense counsel's suggestion that Petitioner's absence may be involuntary or the result of fear of conviction. Finally, although the trial court overruled defense counsel's objection to the prosecutor's comment, the trial court, nonetheless, provided a curative jury instruction. Later that same day, the trial court instructed the jury that "[t]he absence of the Defendant here today has no part in your deliberations and should not be taken into consideration as any indication or lack of indication of the guilt or innocence of the Defendant in this matter." ECF Dkt. #4-6 at p. 121-122.

Accordingly, the state court's adjudication of the prosecutor's statement in his closing argument did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor did

it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Therefore, the undersigned recommends that the Court find that the claim asserted in Ground Three does not have merit.

### VI.     CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY the *pro se* motion for stay and abeyance, ECF Dkt. #5, and DISMISS the instant petition with prejudice.

DATE: November 27, 2013                         */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).